IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIS CLAY HOLLIS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RONALD BLOOMFIELD,<br><br>　　　　Respondent. | No. 2:22-CV-1052-WBS-DMC-P<br><br>ORDER<br><br>and<br><br>AMENDED FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is Respondent's motion to dismiss. See ECF No. 9.

　　　　Petitioner did not file an opposition and issued findings and recommendations that the motion be granted as unopposed. See ECF No. 13. Petitioner filed objections to the findings and recommendations indicating that he never received a copy of Respondent's motion. See ECF No. 14. On August 17, 2023, the Court issued an order directing the Clerk of the Court to forward to Petitioner the moving papers and supporting documents lodged therewith, and provided Petitioner under September 21, 2023, to file an opposition. See ECF No. 16. Petitioner filed an opposition on August 30, 2023. See ECF No. 18. Respondent has not filed a reply.

///

///

The Court will hereby vacate the prior findings and recommendations and issue these amended findings and recommendations considering the merits of Respondent's motion and Petitioner's opposition.

## I. BACKGROUND

Respondent offers the following summary of state court proceedings through conviction and direct review, which is undisputed and which the Court accepts:

> Petitioner Ellis Clay Hollis was convicted in Sacramento County Superior Court of residential burglary, residential robbery, and three counts each of forcible rape and forcible oral copulation. A number of sentencing enhancement allegations were found true. Petitioner was sentenced on July 29, 2002, to an indeterminate state prison term of fifty years to life with the possibility of parole, plus a determinate term of 248 years. (Lod. Doc. 1.)
> On September 9, 2003, the California Court of Appeal, Third Appellate District, affirmed the judgment. (Lod. Doc. 2.) The California Supreme Court denied review on November 25, 2003. (Lod. Doc. 3.)

ECF No. 9, pgs. 1-2.

Between October 2013 and December 2021, Petitioner filed nine post-convictions actions at various levels in state court, all of which were denied. See id. at 2-3.

Petitioner filed a prior federal habeas petition in 2004, which was denied on the merits on March 28, 2008. See Hollis v. Runnells, 2:04-cv-2574-MCE-GGH-P. The Ninth Circuit Court of Appeals declined to issue a certificate of appealability, and the United States Supreme Court denies certiorari. See ECF No. 9, pg. 3. Petitioner filed the instant federal petition on June 17, 2022. See ECF No. 1.

///
///
///
///
///
///
///

## II.  DISCUSSION

Respondent argues this case must be dismissed because: (1) it is a second of successive habeas petition filed without prior leave of the Ninth Circuit Court of Appeals; and (2) the petition is untimely.  See ECF No. 9.  In his opposition, Petitioner only addresses the timeliness issue.  See ECF No. 18.

### A.  Second or Successive Petitions

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist.  Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence.  See id. Before a second or successive petition can be filed in the district court, however, the petitioner must first obtain leave of the Court of Appeals.  See 28 U.S.C. § 2244(b)(3).  In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it.  See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

A second petition can only be successive of a prior petition which has been decided on the merits.  See Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).  A decision on the merits occurs if the district court either considers and rejects the claims or determines that the claims will not be considered by a federal court.  See Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir. 1990).  The mere fact that a petitioner has previously filed a habeas petition relating to the same conviction does not necessarily render a subsequent petition "second or successive."  Hill v. Alaska, 297 F.3d 895, 898 (9th Cir. 2002).  A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits in an earlier petition.  See McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); see also Cooper, 274 F.3d at 1273.

1 Here, Petitioner concedes that he is challenging the same conviction as in the prior federal petition. See ECF No. 18, pg. 2. In the current petition, Petitioner argues that his sentence is unconstitutional. See ECF No. 1, see also ECF No. 18. Because the current claims relate to the sentence, which was known to Petitioner at he was convicted and sentenced in state court, the current claims could have been raised in the prior petition. The prior federal petition was denied on the merits and the Court finds that the current petition is second or successive. Petitioner has not received permission from the Ninth Circuit to file the instant second or successive petition, which must be dismissed.

### B. Statute of Limitations

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the

limitations period begins running the following day.  See Cal. Rule of Court 8.308(a).

The limitations period is not tolled for the time between conclusion of direct review and the filing of a state post-conviction application.  See. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999).

In this case, the limitations period began to run in February 2004 upon expiration of the period to seek certiorari in the United States Supreme Court of the California Supreme Court's November 25, 2003, decision on direct review.  The one-year limitations period ended in February 2005.  While Petitioner prior federal petition, filed in 2004, was timely, the current petition, filed in 2022, is not.  Because Petitioner did not begin filing post-conviction actions in state court until 2013 – many years after expiration of the limitations period in 2005 – the limitations period is not tolled for the time any of the nine state court post-convictions actions Petitioner filed were pending.

The Court does not agree with Petitioner's contention, unsupported by any authority, that an "illegal sentence" is not subject to the one-year limitations period.  In some instances where a claim of actual innocence is raised, exceptions to certain procedural defects may exist.  This action, however, is not such an instance because Petitioner does not argue that he is innocent.  Even if it is not second or successive, this action must be dismissed as untimely.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

      1.      It is ORDERED that the findings and recommendations at ECF No. 13, are VACATED.

      2.      It is RECOMMENDED that Respondent's motion to dismiss, ECF No. 9, be GRANTED.

These amended findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these amended findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 15, 2023

                                                                DENNIS M. COTA  
                                                                UNITED STATES MAGISTRATE JUDGE